IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SAVANNAH SARTORY<br>By and Through her Next Friends<br>Becky Sartory and Mark Satory,<br>AND<br>BECKY SARTORY, Individually<br>MARK SARTORY, Individually<br>5620 Jaymar Circle<br>Louisburg, KS, 66053<br><br>     Plaintiff,<br><br>v.<br><br>SAM'S EAST, INC.<br>SERVE: Registered Agent<br>CT Corporation System<br>120 South Central Avenue<br>Clayton, MO 63105<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### COUNT I

COMES NOW Plaintiff, by and through her Next Friends and counsel of record and for her cause of action against Defendant states as follows:

1. Plaintiff Savannah Sartory is an individual and citizen of the state of Kansas residing at the address shown in the caption. She is a minor and brings this cause of action by and through her parents who are acting as Next Friends.

2. Plaintiffs Mark Sartory and Becky Sartory are individuals and citizens of the state of Kansas residing at the address shown in the caption and bring their own claim arising out of the fact that they are the parents of Savannah Sartory and therefore have their own independent claims.

3. The Defendant is a foreign corporation whose Missouri Registered Agent is shown in the caption. Upon information and belief, Defendant is a Delaware corporation with business operations nationwide and a principal place of business in Arkansas.

4. The amount in controversy, without interest and costs, exceeds the sum or value specified by U.S.C. §1332. Because Plaintiffs and Defendant are citizens of different states and the amount in controversy, without interest and costs, exceeds the sum or value specified by U.S.C. §1332 exceed $75,000 the requirements for federal diversity jurisdiction have been met.

5. Defendant is a resident of the U.S. Judicial District for the Western District of Missouri and is subject to this Court's personal jurisdiction. Defendant transacts business in the state of Missouri. This cause of action arises from Defendant's business transactions in the state of Missouri in that the product at issue was sold by Defendant's store in Jackson County, Missouri, a location within the geographical boundaries of this judicial district.

6. Defendant is also subject to general personal jurisdiction in Missouri in that it conducts regular and continuous business operations in Missouri satisfying due process requirements for jurisdiction. Defendant has substantial contacts in the forum state in that Defendant avails itself of the privilege of conducting business activities in Missouri, and specifically in the Western Judicial District of Missouri, invoking the benefits of the Missouri law. The Defendant operates stores and has employees in Missouri. Venue is proper in the U.S. District Court for the Western District of Missouri.

7. Based on Plaintiffs' best knowledge and belief, on or about 1998 or 1999 the Defendant sold a go kart to a member of Plaintiffs' family. The Defendant placed the go kart into the stream of commerce.

8. The go kart was sold and placed into the stream of commerce from the Sam's Club store in Grandview, Missouri.

9. At the time that the go kart was placed into the stream of commerce, it was then in a defective condition, unreasonably dangerous when put to a reasonably anticipated use.

10. The go kart was defective and unreasonably dangerous in that the drive chain on the back of the go kart was not properly and adequately guarded to prevent inadvertent entanglement of the operator's hair.

11. On or about November 10, 2013 the Plaintiff was operating the go kart at her residence and Plaintiff's hair became entangled in the drive chain. Plaintiff's hair was capable of getting into the drive chain because of the inadequacy of guarding and because of the defective and unreasonably dangerous condition of the product.

12. As a direct result of the defective and unreasonably dangerous condition of the go kart, Plaintiff sustained an injury to her head and scalp as her hair became entangled in the drive chain. The resulting injury has caused her both economic and non-economic damages. She has undergone pain, suffering and disfigurement. It was foreseeable to the Defendant that the product would be used by a child and it was additionally foreseeable that because a drive chain was not completely enclosed that there was a foreseeable risk that an operator's hair could become entangled in the drive chain causing injury and damage to the operator. This is what happened to the Plaintiff.

13. Plaintiff underwent medical care and treatment and incurred medical expenses. Plaintiff underwent pain and suffering. She has had surgery and scarring. Additionally, Plaintiff has been deprived of participating in activities and the participation in the normal daily activities of her life because of her injury and the necessity of treatment. She has had multiple surgical

procedures which caused her to be in attendance at physician appointments, hospital appointments which caused her to otherwise not be able to participate in the normal activities of her life. She missed school. There is a permanent component to Plaintiff's injury. The effects of her injury will be with her for the rest of her life and will have more medical treatment in the future and incur future medical bills.

14. Plaintiff is entitled to an award of damages in such sum as would be fair, reasonable and just in amount.

WHEREFORE, Plaintiff prays judgment against Defendant in excess of $75,000.00, plus interest and her costs expended and incurred herein.

## COUNT II

COMES NOW Plaintiff Savannah Sartory and for her cause of action against Defendant under Count II states as follows:

1. Plaintiff incorporates by reference each and every allegation, statement and averment contained in Count I.

2. The go kart was defective and unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

3. The Defendant failed to provide an adequate warning concerning the danger and hazard posed by the drive chain and inadequate and inappropriate guard which was over the drive chain. The drive chain was not completely and properly guarded so as to prevent inadvertent entangling of the operator's hair.

4. As a direct result of the failure of the product to contain an adequate warning, the Plaintiff sustained a personal injury.

4

5. Plaintiff sustained an injury to her head and scalp as her hair became entangled in the drive chain. The resulting injury has caused her both economic and non-economic damages. She has undergone pain, suffering and disfigurement. It was foreseeable to the Defendant that the product would be used by a child and it was additionally foreseeable that because a drive chain was not completely enclosed that there was a foreseeable risk that an operator's hair could become entangled in the drive chain causing injury and damage to the operator. This is what happened to the Plaintiff.

6. Plaintiff underwent medical care and treatment and incurred medical expenses. Plaintiff underwent pain and suffering. She has had surgery and scarring. Additionally, Plaintiff has been deprived of participating in activities and the participation in the normal daily activities of her life because of her injury and the necessity of treatment. She has had multiple surgical procedures which caused her to be in attendance at physician appointments, hospital appointments which caused her to otherwise not be able to participate in the normal activities of her life. She missed school. There is a permanent component to Plaintiff's injury. The effects of her injury will be with her for the rest of her life and will have more medical treatment in the future and incur future medical bills.

7. Plaintiff is entitled to an award of damages in such sum as would be fair, reasonable and just in amount.

WHEREFORE, Plaintiff prays judgment against Defendant in excess of $75,000.00 plus interest and her costs expended and incurred herein.

## **COUNT III**

COMES NOW Plaintiff Savannah Sartory and for her cause of action under Count III states as follows:

1. Plaintiff incorporates by reference each and every allegation, statement and averment contained in all preceding Counts.

2. The Defendant was negligent in supplying, selling and placing into the stream of commerce the go kart which caused an injury to Plaintiff.

3. Defendant was negligent in the following particulars:

   a) Failing to provide a proper guard to enclose the chain driver so as to prevent inadvertent entanglement of the operator's hair.

   b) Failing to properly inspect and service the vehicle before placing it into the stream of commerce.

   c) Failing to exercise ordinary care to examine and inspect the go kart for hazards or conditions which could result in injury, and thereafter placing the go kart for sale.

4. The condition of the go kart was such that it was foreseeable that it would cause injury to a user and Defendant was negligent in failing to properly inspect and assess the hazards of the product before selling it and placing it into the stream of commerce. It was foreseeable to the Defendant that the product would be used by a child and it was additionally foreseeable that because a drive chain was not completely enclosed that there was a foreseeable risk that an operator's hair could become entangled in the drive chain causing injury and damage to the operator. This is what happened to the Plaintiff.

5. Defendant failed to use ordinary care to determine the marketability and/or design of the go kart in order to insure that it was reasonably safe. The Defendant also failed to adequately warn of the risk of harm which included the risk of an operator's hair becoming entangled in the drive chain of the go kart.

6

Case 4:15-cv-00873-DGK   Document 1   Filed 11/06/15   Page 6 of 9

6. As a direct result of the negligence and fault of Defendant, Plaintiff sustained an injury to her head and scalp as her hair became entangled in the drive chain. The resulting injury has caused her both economic and non-economic damages. She has undergone pain, suffering and disfigurement. It was foreseeable to the Defendant that the product would be used by a child and it was additionally foreseeable that because a drive chain was not completely enclosed that there was a foreseeable risk that an operator's hair could become entangled in the drive chain causing injury and damage to the operator. This is what happened to the Plaintiff.

7. Plaintiff underwent medical care and treatment and incurred medical expenses. Plaintiff underwent pain and suffering. She has had surgery and scarring. Additionally, Plaintiff has been deprived of participating in activities and the participation in the normal daily activities of her life because of her injury and the necessity of treatment. She has had multiple surgical procedures which caused her to be in attendance at physician appointments, hospital appointments which caused her to otherwise not be able to participate in the normal activities of her life. She missed school. There is a permanent component to Plaintiff's injury. The effects of her injury will be with her for the rest of her life and will have more medical treatment in the future and incur future medical bills.

8. Plaintiff is entitled to an award of damages against Defendant in such sum as would be fair, reasonable and just in amount.

WHEREFORE, Plaintiff prays judgment against Defendant in excess of $75,000.00 plus interest and her costs expended and incurred herein.

## COUNT IV

COME NOW Plaintiffs Becky Sartory and Mark Sartory and for their cause of action against Defendant state as follows:

7

1. Plaintiffs incorporate each and every allegation, statement and averment contained in Count I.

2. Plaintiffs Becky Sartory and Mark Sartory are the biological parents of Plaintiff Savannah Sartory.

3. As a direct result of the personal injury sustained by Plaintiff Savannah Sartory, Plaintiffs Becky Sartory and Mark Sartory have sustained damage. Plaintiffs Becky Sartory and Mark Sartory have had to provide care, treatment, dressing changes and other services to their daughter.

4. Plaintiffs Becky Sartory and Mark Sartory have incurred and become responsible for medical bills relating to the care and treatment of their daughter, Savannah Sartory.

5. Plaintiff Becky Sartory has lost wages in connection with providing care and treatment to her daughter.

6. Plaintiffs Becky Sartory and Mark Sartory are entitled to an award of damages against Defendant in an amount which would be fair, reasonable and just.

WHEREFORE, Plaintiffs Becky Sartory and Mark Sartory pray judgment against Defendant in excess of $75,000.00 plus interest and their costs expended and incurred herein.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests this case be tried to a jury on all issues.

TURNER & SWEENY

*/S/ John E. Turner*
John E. Turner - MO - 26218
[turner-sweeny@msn.com]
10401 Holmes Road, Suite 450
Kansas City, MO  64131
(816) 942-5100 - [FAX:  (816) 942-5104]
ATTORNEYS FOR PLAINTIFFS

9

Case 4:15-cv-00873-DGK   Document 1   Filed 11/06/15   Page 9 of 9