IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| S.S., a minor by and through her next friends Becky Sartory and Mark Sartory, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:15-cv-873-DGK |
| SAM'S EAST, INC., | ) ) | |
| Defendant. | ) | |

## DISCOVERY DISPUTE ORDER

This case arises out of an incident involving a go-kart sold by Defendant Sam's East, Inc. While Plaintiff was operating the go-kart, her hair became entangled in the drive chain, and she sustained an injury to her head and scalp. Plaintiff is now suing Defendant for personal injury based on negligence and strict product liability for product defect and failure to warn. Plaintiff alleges that the go-kart was defective and unreasonably dangerous in that the drive chain on the back of the vehicle was not properly and adequately guarded to prevent inadvertent entanglement of the operator's hair. She and her parents seek to recover damages for pain and suffering, lost wages, and medical expenses.

Now before the Court is a discovery dispute between the parties concerning five issues: (1) the time period in which documents and information has been requested; (2) the scope of discovery involving go-kart recalls; (3) the availability of employee records; (4) the production of documents and information used in compiling sales data and vendor agreements; and (5) the scope of Defendant's requested protective order. After reviewing the parties' memoranda and hearing argument from counsel during a teleconference on May 10, 2016, the Court rules as follows:

1. Both parties agree that the relevant time period for discovery in this case is between 1996 and 2000. Insofar as Plaintiff's disputed interrogatories and requests for production call for information outside of this time period, they are disproportionate to the needs of this case under Federal Rule of Civil Procedure 26(b).

2. Plaintiff's request for production #12 is limited to documents or electronically-stored information relating to Consumer Products Safety Commission entanglement recalls or safety alerts involving entanglement issues between 1996 and 1999. Defendant must produce this information no less than seven (7) days prior to the Rule 30(b)(6) deposition.

3. Defendant shall provide the name, last known address, and telephone number of any store employee who worked at the Grandview, Missouri, store between 1998 and 1999 with a job position that involved selling or assembling go-karts to the extent such records are available to Defendant. Defendant has agreed to provide contact information for the 1998-1999 Grandview store manager.

4. Defendant has created spreadsheets that compile electronic data involving vendor agreements and sales information. Defendant must produce any materials relating to T&D Metals and used in the preparation of these spreadsheets no less than seven (7) days prior to the Rule 30(b)(6) deposition.

5. Both parties have agreed to limit Defendant's requested protective order to three categories of information: sales data, vendor agreements, and membership histories. The parties shall file a joint proposed protective order delineating this agreement within fourteen (14) days of this Order.

**IT IS SO ORDERED.**

Date:  May 16, 2016          /s/ Greg Kays
                             GREG KAYS, CHIEF JUDGE
                             UNITED STATES DISTRICT COURT