IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | | |
|---|---|---|---|
| SAVANNAH SARTORY | ) | | |
| By and Through her Next Friends | ) | | |
| Becky Sartory and Mark Satory, | ) | | |
| AND | ) | | |
| BECKY SARTORY, Individually | ) | | |
| MARK SARTORY, Individually | ) | | |
| | ) | | |
| Plaintiff, | ) | Case No: | 4:15-CV-00873-DGK |
| | ) | | |
| v. | ) | | |
| | ) | | |
| SAM'S EAST, INC. | ) | | |
| | ) | | |
| Defendant. | ) | | |

## PLAINTIFFS' COUNSEL'S RESPONSE TO COURT ORDER OF MAY 1, 2017

COME NOW Plaintiffs and provide the following information to the Court in response to the Court's Order of May 1, 2017 concerning the proposed settlement of this case.

Plaintiffs' counsel primarily represents people on a contingent fee basis and Plaintiffs' counsel does not keep contemporaneous time records on contingent fee cases. Here, Plaintiffs' counsel was retained on a contingent fee basis, and Plaintiffs' counsel did not keep contemporaneous time records for work done in this case.

An overview of how the case proceeded and counsel's role in investigating the case, filing the case and conducting discovery leading up to the proposed settlement is set forth below.

Also attached as an Exhibit is the expense ledger from Plaintiffs' counsel's office. The entries are made in the expense ledger contemporaneous with the checks being written and the expenses being paid. Backup documentation, including cancelled checks, are attached to the

ledger. The numbers on the left hand column correspond to the numbered documentation attached to the ledger.

Savannah Sartory was injured on November 10, 2013. She was injured riding a go kart which had been sold in Jackson County, Missouri to her uncle David Burdick in the late 1990's, who in turn later gave the go kart to Savannah Sartory's parents. Plaintiffs' counsel was hired by Savannah's parents and began to investigate the claim of Savannah Sartory in January of 2014.

As part of the investigation into whether there was a products liability claim, Plaintiffs' counsel traveled to Boston, Massachusetts on May 12, 2014 to meet with an engineer at MIT concerning the proper guarding of the go kart in question. Plaintiffs' counsel also traveled to St. Louis, Missouri on June 5, 2014 to meet with a mechanical engineer at Washington University. Plaintiffs' counsel had discussions on June 11, 2014 with Jerry Duncan, an engineer formerly employed by Deere & Company concerning his possible willingness to analyze the guarding of the go kart and to possibly serve as an expert witness. Plaintiffs' counsel also traveled to Boise, Idaho on July 30, 2014 to meet with an engineer who had previously testified in a go kart case involving an entanglement injury to a child.

Savannah Sartory's uncle who had purchased the go kart initially thought it was a Yerf Dog model. The go kart was of such an age and worn condition that there was no identifying model name on the machine itself. Plaintiffs' counsel obtained Yerf Dog owners manuals and videos from internet sources such as ebay in order to gather information concerning the Yerf Dog model in an attempt to confirm its make and model.

Savannah Sartory's uncle could not find a receipt for its purchase and Defendant Sam's East never conceded that it had sold the product and asserted that it had no purchase receipt for sales in the 1990s.

**Liability Research:**

Plaintiffs' counsel and Plaintiffs' counsel's staff collected data and guarding research from the Consumer Products Safety Commission, from Linda Hall Library at UMKC and from the internet and from National Safety Council resources. Plaintiffs' counsel has an in-house employee - investigator who also helped with the preparation of this case which included inspecting and photographing the go kart alone as part of the investigation and with Plaintiffs' expert. The investigator also visited go kart shops and places where go karts are used or sold to photograph other go karts with different guarding and warnings, as well as searching the internet for other scalping cases and Consumer Product Safety Commission information. He also visited other stores to see the types of go karts which were held for sale and researched the internet on Yerf Dog go karts and for serial number identification.

**Medical Research:**

Plaintiffs' counsel's office requested medical records from the healthcare providers. (Records were requested as the case progressed on March 13, 2014, August 1, 2014, April 8, 2015, November 30, 2015, January 4, 2016 and March 30, 2016). When the records, surgical photographs and CT Scans were received, the records were reviewed by counsel.

**First Filing:**

Suit was filed in the Circuit Court of Jackson County, Missouri on December 4, 2014. Defendant Sam's East filed a Motion to Transfer Venue and also sent Interrogatories to Plaintiffs. Plaintiffs' counsel met with the Sartorys to gather information and answer the Interrogatories. The venue of the case was transferred to St. Louis, Missouri.

Once the case was transferred to St. Louis, Sam's East filed a Notice of Removal to the Federal District Court in St. Louis. Plaintiffs' counsel filed a Motion for Admission Pro Hac

Vice in the Eastern District of Missouri, and thereafter filed a Motion to Remand and/or to transfer the case to the Western District of Missouri for the convenience of the parties and witnesses. Another attorney in the office of Plaintiffs' counsel, Marty W. Seaton, did research and drafted the pleadings. Mr. Seaton spoke to Savannah's treating doctor and Savannah's teacher in connection with the Motion To Transfer Venue which addressed among other things the convenience of the witnesses.

Counsel for Sam's East and Plaintiffs' counsel discussed the pending proceedings in the United States District Court for the Eastern District of Missouri and Sam's East consented to the remand to State Court. Plaintiffs' counsel then filed a dismissal without prejudice in the St. Louis Circuit Court.

**Second Filing:**

On November 6, 2015 the case was re-filed in the Western District of Missouri. In the Western District of Missouri, the following paper discovery was exchanged:

Rule 26 Disclosures following meeting with defense counsel on December 29, 2015
Plaintiffs' First Request for Production of Documents to Defendant
Plaintiffs' Opening Interrogatories to Defendant
Plaintiff Supplemental Rule 26 Disclosure
Plaintiffs' Third Request for Production of Documents to Defendant
Plaintiffs' Third Interrogatories to Defendant
Plaintiff Second Supplemental Rule 26 Disclosures
Plaintiffs' Fourth Interrogatories to Defendant
Plaintiff Fourth Request for Production of Documents to Defendant
Plaintiffs' Expert Witness Designations
Plaintiffs' Fifth Request for Production of Documents to Defendant
Plaintiffs' Fifth Interrogatories to Defendant
Defendant's First Request for Production of Documents to each Plaintiff
Defendant's First Interrogatories to each Plaintiff
Plaintiffs' Sixth Request for Production of Documents to Defendant
Plaintiffs' Sixth Interrogatories to Defendant
Plaintiffs' Supplemental Expert Witness Designations

Plaintiffs' counsel spent time with Jerry Duncan, Plaintiff's retained expert witness to review the facts and supporting documents so that Duncan could prepare his expert disclosure report. This involved going over the facts in the case, obtaining the necessary supporting documentation to make sure that the affidavit and supporting documentation was in compliance with the requirements of federal expert witness disclosure. Mr. Duncan's report was 23 pages in length. Meetings occurred on: June 11, 2014, January 28, 2016, April 19, 2016, May 3, 2016, July 8, 2016, August 4, 2016, October 5, 2016, December 22, 2016 and January 11, 2017.

Discovery led to the filing of an Amended Complaint.

**Discovery Dispute:**

On April 26, 2016, Plaintiffs' counsel prepared and filed a Pretrial Memorandum concerning Sam's East's request for confidentiality as to the documents it proposed producing. On May 10, 2016 Plaintiffs' counsel participated in a discovery telephone conference with the Court concerning Defendant's request for confidentiality and then prepared a proposed Protective Order for the Court's consideration after the telephone conference.

**Review of Documents:**

After the Court granted the Protective Order and the documents were produced, Plaintiffs' counsel reviewed the documents which numbered in excess of 2,500 pages. These were reviewed prior to the corporate representative deposition in Bentonville, Arkansas.

**Meetings with Physicians:**

Plaintiffs' counsel met on two occasions with Dr. Allison Kay, the plastic surgeon who performed reconstructive surgery on Savannah Sartory at Children's Mercy Hospital. On August 4, 2016, Plaintiffs' counsel also met with Usiakimi Igbaseimokumo, M.D. at Children's Mercy Hospital, another surgeon who participated in the surgery performed on Savannah Sartory.

5

**Depositions:**

On June 16, 2016 Plaintiffs' counsel traveled to Bentonville, Arkansas for the deposition of Defendant's corporate representative Jonathan Weineke. The corporate representative was subsequently re-produced to testify about other issues on July 28th, 2016. This deposition likewise took place in Bentonville, Arkansas.

Plaintiffs' counsel met with witnesses and prepared for the following depositions in Kansas City: David Burdick, purchaser of the go kart, Mark Sartory, Becky Sartory on April 15, 2016, and Engineer Jerry Duncan on September 20, 2016.

Defendant retained an engineering expert named Fred Semeke. Plaintiffs' counsel obtained his report and analyzed it prior to the time of Mr. Semeke's deposition which took place in St. Louis, Missouri.

Prior to traveling to St. Louis for Mr. Semeke's deposition, Plaintiffs' counsel networked and obtained prior depositions previously given by Fred Semeke and read those depositions in order to prepare for the deposition. On November 16, 2016, Plaintiffs' counsel traveled to St. Louis for the deposition of defense expert Fred Semeke.

On January 5, 2017, Plaintiffs' counsel traveled again to Bentonville, Arkansas and took the depositions of Ken Henson, Ofella Cyper, Melody Lamny. These witnesses are Sam's employees.

**Further Product Identification Issues:**

In preparation for his deposition, Savannah's uncle, David Burdick, found documents indicating that the go kart had been manufactured by T & D Metals not Yerf Dog as he had originally thought which set off more investigation, collecting information and attempting to determine the status of T & D Metals. There was CPSC recall information respecting T & D

Metals which was researched. T & D Metals appeared to be out of business and with no insurance. Sam's East sued T & D Metals in a Third-Party Petition and it remains in default.

**Client Contact:**

Throughout the case counsel kept the clients informed about the case by letter, phone calls, meetings at counsel's office and meetings at the Sartory home.

**Defense Issues:**

The case was defended on a number of fronts: The product was not defective; the product had been modified; Savannah's father had improperly reattached the guard after removing it for service; the parents did not follow the warnings in the owner's manual; the fault, if any, was the manufacturer's fault, not Defendant Sam's.

**Mediation:**

Plaintiffs' counsel and Mr. and Mrs. Sartory attended the mediation with Jill Morris. Because of the age of the go kart and defenses involving claims of alteration of the go kart, there was risk. The mediation brought the differences between the parties close to resolution, and thereafter within several days of the mediation and following additional negotiations between counsel, there was an agreement to a compromise settlement.

Plaintiffs' counsel thereafter started the process of contacting annuity companies, obtaining quotes for structured settlements, meeting with the parents of Savannah Sartory to discuss and go over the annuities to determine what the parents thought was in the best interest of their child.

Counsel has also worked on preparing affidavits for the parents of Savannah Sartory to sign in order to request approval from the Court of the settlement of this case for their daughter.

TURNER & SWEENY

*/S/ John E. Turner*
John E. Turner - MO - 26218
[t*urner-sweeny@msn.com]*
Marty W. Seaton - MO - 58815 - KS - 23059
[m*seaton@turnersweeny.com]*
10401 Holmes Road, Suite 450
Kansas City, MO  64131
(816) 942-5100 - [FAX:  (816) 942-5104]
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was duly delivered via the Court ECF filing system and via email this 18th day of May, 2017, to:

Mr. Edward W. Zeidler, II
800 Market Street, Suite 1100
St. Louis, MO  63101
[ezeidler@bjpc.com]
ATTORNEY FOR DEFENDANT

*/S/ John E. Turner*