# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

S.S., a minor by and through her next friends )
Becky Sartory and Mark Sartory, and )
Becky Sartory, individually, )
Mark Sartory, individually, )
                                             )
     Plaintiffs, )
                                             )     No. 4:15-cv-873-DGK
     v. )
                                             )
SAM'S EAST, INC., et al., )
                                           )
     Defendants. )

## ORDER APPROVING MINOR SETTLEMENT

This case arises out of an incident involving a go-kart sold by Defendant Sam's East, Inc. ("Sam's"). While S.S., a minor, was operating the go-kart, her hair became entangled in the drive chain, injuring her head and scalp. S.S. and her parents ("Plaintiffs") sued Sam's for personal injury, and sought to recover damages for pain and suffering, lost wages, and medical expenses. The parties later settled.

Now before the Court is the parties' Joint Motion for Approval of Minor Settlement (Doc. 82). Finding that the settlement is in S.S.'s best interest, the Court GRANTS the motion.

Missouri law requires court approval of proposed contracts to settle an action or claim for a minor. Mo. Rev. Stat. § 507.184.3. In such lawsuits, a court has the power to: (1) approve a proposed settlement of a minor's claim; (2) authorize the minor's next friend to execute a release of the minor's claim; (3) approve a fee contract between the next friend and an attorney representing the minor; and (4) order the next friend to pay the attorneys' fees and any reasonable expenses. *Id.* The purpose of the statute is "to maximize the protection afforded a

minor's legal action and insure that any settlement is in the best interest of the child." *Fiegener v. Freeman-Oak Hill Health Sys.*, 996 S.W.2d 767, 774 (Mo. Ct. App. 1999).

Mark and Becky Sartory, S.S.'s parents, are acting as S.S.'s next friends and representing her interests in this matter.[1]  Sam's[2] has agreed to pay S.S. a total of $650,000.00.  This includes: $202,716.94 in attorney's fees; $41,849.18 in litigation expenses; and $5,985.09 toward a medical lien in favor of Children's Mercy Hospital.  *See* Settlement Agrmnt. (Doc. 85-2).  The remainder of the settlement proceeds, $399,448.79, will be paid by Sam's to BHG Structured Settlements, Inc., to fund its obligation to make payments via the purchase of an annuity from Berkshire Hathaway Life Insurance Company of Nebraska.[3]  The parties have agreed to the following periodic payments to S.S.:

- $1,330.00 payable monthly beginning January 16, 2022,[4] guaranteed for 40 years certain plus the life of S.S.;

- A guaranteed lump sum payment of $25,000.00, payable on January 16, 2022; and

- $10,000.00 payable annually beginning January 16, 2023, guaranteed for 3 years certain, with the last guaranteed payment on January 16, 2025.

In exchange for these payments, Plaintiffs have agreed to dismiss their suit with prejudice and execute a release, confidentiality, and indemnity agreement in Defendant's favor.  After a review of the record, including Plaintiffs' counsel's brief regarding attorney's fees and litigation costs

---

[1] Because Mark and Becky Sartory, as S.S.'s next friends, are not responsible for S.S.'s settlement funds, the Court need not appoint a conservator or require them to post a bond.  *See* Mo. Rev. Stat. §§ 507.150, 507.188.2.

[2] Sam's East, Inc., is a named defendant in this matter.  However, the parties' settlement agreement refers to Sam's East, Inc., and other associated companies as "Walmart."  Settlement Agrmnt. at 1 (Doc. 85-2).

[3] An independent rating service for life carriers, A.M. Best, gave Berkshire Hathaway Life Insurance Company of Nebraska an A++ rating (Doc. 85-1 at 2).

[4] Plaintiff was born in 2004, and will turn 18 years old in 2022.  Mot. ¶ 1 (Doc. 82).

(Doc. 87), the Court finds that this settlement is in S.S.'s best interest. *See* Mo. Rev. Stat. § 507.184.

Because the settlement is in S.S's best interest, the parties' motion (Doc. 82) is GRANTED, and the settlement is APPROVED. Plaintiffs Mark and Becky Sartory are ORDERED to execute the Release, Settlement, Confidentiality and Indemnity Agreement on S.S.'s behalf. It is further ORDERED that: (1) the attorney's fees and litigation expenses outlined in the parties' briefing (Docs. 85-1, 87), are APPROVED; (2) the entirety of the settlement proceeds shall be used to purchase an annuity for S.S., as outlined above; and (3) Plaintiffs shall collect the proceeds outlined above and acknowledge satisfaction in whole of these proceeds. The Court will dismiss this matter with prejudice only after the filing on the record of Plaintiffs' acknowledgement.

**IT IS SO ORDERED.**

Date:   August 29, 2017                              /s/Greg Kays
                                                     GREG KAYS, CHIEF JUDGE
                                                     UNITED STATES DISTRICT COURT